*[1107] THORNTON, J.
This appeal involves the validity of a residential lease provision requiring plaintiffs-tenants to pay to defendants-landlords a nonrefundable fee equal to one month’s rent in exchange for the right to terminate the lease upon 30 days’ notice. The trial court held that as a matter of law the nonrefundable fee provision was unconscionable under Oregon’s Residential Landlord and Tenant Act. ORS 91.700 to 91.895.
The parties entered into the lease agreement on June 25, 1975. The lease provided for rent of $185 per month for a 12-month term. In exchange for a $185 nonrefundable fee plaintiffs were entitled to terminate the lease upon 30 days’ notice without incurring additional liability should the defendants be unable to rent the premises within a month. The lease also gave plaintiffs the last month of the tenancy "rent free” if the plaintiffs stayed the entire term of the lease.[1]
Plaintiffs, after giving proper notice, vacated the premises on April 10, 1976, and on or about April 15, 1976, defendants rerented the premises to other tenants. Defendants returned plaintiffs’ April rent payment on a prorated basis, but, pursuant to the nonrefundable fee provision of the lease, did not return the $185 fee to plaintiffs.
*[1108] Defendants argue that the fee was paid in exchange for the right to terminate early.
We conclude that the fee is the consideration for the right to terminate early. Had the plaintiffs not terminated early the $185 would have been returned in the form of free rent for the last month of the tenancy.
The fee is not a liquidated damages provision as plaintiffs contend because it is not a predetermination of damages for a breach. The contract specifically provides that early termination is permitted.
Plaintiffs contend for the first time on appeal that the fee is an ill-disguised security deposit subject to the requirements of ORS 91.760. This argument overlooks the fact that plaintiffs have limited their liability to the defendants by contractually providing that they may buy out of the contract. It is true that the nonrefundable fee when viewed with the free-rent provision is similar to a security deposit in that both tend to encourage completion of the lease term and protect the landlord if early termination occurs. Were the fee a true security deposit plaintiffs’ potential liability would not be limited by the amount of the fee, but it is clear here that the parties agreed that this would be the extent of the lessee’s liability.
Plaintiffs’ final contention is that the nonrefundable fee is unconscionable under the Landlord and *[1109] Tenant Act. ORS 91.735(l)(a).[2] The trial court so held in ordering the fee returned to the plaintiffs. Defendants claim that the fee was not unconscionable because: (1) it does not violate any specific prohibitions within the Act; (2) it represents an allocation of risk, e.g., damages from early termination; and (3) the lease, including the fee provision, was freely bargained for, and not the result of oppressive negotiation.
We have not considered before the question of what constitutes unconscionability under ORS 91.735. The Oregon provision was adopted from the Uniform Residential Landlord and Tenant Act (7 ULA), § 1.303 (1970) (Supp 1971-76), in its entirety. The commissioners’ comment thereto provides the following test of unconscionability:
"* * * [Wlhether, in light of the background and setting of the market, the conditions of the particular parties to the rental agreement, settlement or waiver of right or claim are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the agreement or settlement. * * *”
This is substantially the same test as provided in the comments to the unconscionability section of the Uniform Commercial Code (1 ULA), § 2.302, Comment 1 (1976). The comments to § 2.302 (codified as ORS 72.3020) state that the main thrust of the unconscionability section is to prevent oppression and unf air surprise.
 The evidence of the circumstances surrounding the execution of the instant lease does not suggest oppressive bargaining practices on the part of the defendants or any elements of unfair surprise. The testimony of *[1110] both parties indicated that the lease was fully explained and discussed. Plaintiffs read the lease before signing, and the lease was written in understandable terms.[3]
The nonrefundable fee also serves a valid business purpose in allocating risks between the parties. The plaintiffs have exchanged the risk attendant to early termination for the $185 fee. We find nothing shocking to the conscience in this. Finally, the clause appears to violate no provision or policy of the Landlord and Tenant Act as it is applied to the facts of this case.[4] Therefore, we conclude that the nonrefundable fee provision is not unconscionable.
Plaintiffs have also cross-appealed, assigning as error the trial court’s splitting of attorney fees. Having concluded that the trial court erred in holding the nonrefundable provision to be unenforceable, we need not decide the issues raised by plaintiffs’ cross-appeal. Suffice it to say that plaintiffs are no longer the prevailing party and are therefore not entitled to attorney fees. ORS 91.755.
Reversed.

The pertinent lease provisions are as follows:
"I. LEASE TERM: The lease shall commence on the 25th day of June, 1975, and terminate on the last day of July, 1976.
"II. NON REFUNDABLE FEE: LESSEES agree to pay a non refundable fee in the amount of $_for the right to one year lease
which the LESSEES may terminate with a 30 day written notice as provided hereafter.
"HI. MONTHLY LEASE PAYMENTS: LESSEES aeree to pay $185 for the first partial month, and a payment of $188 on or before the 25th day of July, 1975, as rent for the month of August, and a like payment of $185 on the 25th day of each month thereafter for the calendar month immediately following the payment due date. It is further understood and agreed in the event the LESSEES faithfully carry out the terms of this agreement and remain as LESSEES through and including July, 1976, then the last month’s rent of this lease, or rent for the month of July whichever *[1108] occurs last, shall be without charge to the LESSEES. The preceding sentence is intended to provide that the LESSEES shall have one month free rent which shall be the last month that they live in the above described premises, provided that the LESSEES stay for the full lease period, or longer; provided, however, in the event there are Federal or State rent controls existing at any time during the lease period concerning amounts of rent or raising the amounts of rent, the LESSORS shall have the right to increase the monthly lease payments at any time during the lease period where said governmental agency authorizes an increase, and the lease payment may be increased for the fullest amount allowed by such agency.”

ORS 91.735(l)(a) provides:
"(1) If the court, as a matter of law, finds:
"(a) A rental agreement or any provision thereof was unconscionable when made, the court may refuse to enforce the agreement, enforce the remainder of the agreement without the unconscionable provision, or limit the application of any unconscionable provision to avoid an unconscionable result * *

 Plaintiffs contended that they were told that the nonrefundable fee provision was merely prepayment of the last month’s rent. Defendants testified to the contrary. Although the space provided in the lease for inserting the amount of the nonrefundable fee ($185) was left blank, the trial court made a specific finding that the parties contemplated that the nonrefundable fee was part of the agreement. Further, the Agreed Narrative Statement on Appeal signed by counsel for both parties expressly stated as follows:
"* * * After hearing, the trial judge made a finding of fact that the parties in entering the residential lease agreement contemplated that the plaintiffs would pay $185 as a nonrefundable fee as set forth in paragraph II of the lease. * * *”
We are bound by the tried court’s finding where, as here, it is supported by substantial evidence. White v. Bello, 276 Or 931, 933, 556 P2d 1362 (1976).

ORS 91.740(1) permits landlords and tenants to include within rental agreements terms and conditions not otherwise prohibited by the Act or other rule of law.